## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Clint E. Jackson,                                    Case No. 3:22-cv-00081

        Plaintiff,

    v.

Thomas Bergman, *et al*.,                            **ORDER**

        Defendants.


This is a discrimination case alleging violations of 42 U.S.C. § 1983, the Ohio Constitution

Article 1, and the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

(Doc. 1, PgID. 1–14).  Plaintiff Clint E. Jackson, appearing *pro se*, is a resident of the Village of

Genoa, Ohio.[1] (*Id*.)

Defendants are Thomas Bergman, Kevin Gladden, John Lewis, Zach McPherson, Jacob

Diebert, Isaac St. Marie, Brent Huston, April Huston, Matthew Herring, and Cody Garcia. (*Id*. at

PgID. 1–2). Defendants are or were government officials serving as village council members or

police officers in the Village of Genoa, Ohio. (*Id*.)

Before me is Defendants' motion for summary judgment (Doc. 29), Plaintiff filed a

response in opposition (Doc. 37), Defendants filed a reply (Doc. 38) and, bypassing the

requirement that he first seek leave to do so, Plaintiff filed a sur-reply (Doc. 39).[2]

---

[1] When this case was filed on January 14, 2022, attorney Wesley M. Miller Jr. was representing
Plaintiff. On October 25, 2023, I granted Mr. Miller's request to withdraw as counsel, as he was
about to begin or had begun his retirement from the practice of law. (Minute Entry, Oct. 25, 2023).
To that end, Mr. Miller has surrendered his law license.

[2] In considering Plaintiff's arguments in his opposition and sur-reply, I take into account his *pro
se* status and construe his submissions liberally. I also note that Plaintiff has filed, in the context
of other motions, hundreds of pages of documents in this case, including 497 pages of exhibits to
another reply brief, which I have considered in my liberal construing of Plaintiff's filings.

Also pending is Plaintiff's motion requesting I hold a hearing to determine if Plaintiff was deceived as to my "true order" (Doc. 41), and Plaintiff's motion requesting that I hold a hearing to permit Plaintiff to present evidence establishing that Defendant's Exhibit No. 6 is "completely fraudulent." (Doc. 42). Defendants filed a response in opposition to Plaintiff's motion for an in-person hearing. (Doc. 43).

For the reasons explained below, I grant Defendant's motion for summary judgment and dismiss the case with prejudice. Because the case is dismissed, I deny as moot Plaintiff's two remaining motions.

## Background

Plaintiff purchased 310 Main Street in 2016 from the Village of Genoa (the "Property"). (Doc. 1, PgID. 1–13). A former elementary school is located on the Property. (*Id.*). Shortly after Plaintiff purchased the Property, the City granted Plaintiff a variance to use it as his residence. (*Id.*).

Plaintiff owns and drives a semi-truck that he parks on the Property in a location that was previously used as an ingress/egress to a large parking lot on the Property. (*Id.*). Before Plaintiff purchased the Property, the ingress/egress was used as a drop-off and pick-up point for children arriving at and/or leaving the school. (*Id.*) After Plaintiff purchased the Property, and even though the school building no longer operated as a school facility, children continued to gather at that location for school bus pick-up and drop-off. (*Id.*)

Plaintiff was concerned with this practice because he operates his semi-truck in the same area. (*Id.*) Plaintiff brought his concerns to Village officials, who agreed to arrange for another location for the children to meet the school bus. (*Id.*).

2

However, in July 2017, Village police received complaints that Plaintiff was parking his truck in the right of way on top of a water line. (*Id*.). Police asked Plaintiff to move his truck. (*Id*.) Plaintiff's complaint indicates that he showed a police officer where he parked his truck and where the water line was located. He indicates that "it was determined that [Plaintiff]'s semi-trailer was not parked on an area [above] a water line." (*Id*. at PgID. 4). Plaintiff's complaint does not indicate who made that determination.

A year later in July 2018, Plaintiff discovered an unknown vehicle parked on the ingress/egress and contacted the police. (*Id*.) This occurred again in August 2018. Police officers told Plaintiff that the driver of the vehicle reported Plaintiff as "confrontational." (*Id*.) The driver of the vehicle told Plaintiff and officers that he did not need to move his vehicle because it was parked on an easement. (*Id*.)

When Plaintiff noticed an unoccupied vehicle parked on the ingress/egress again in January 2020, Plaintiff placed a boot lock on the front driver's-side wheel. (*Id*.) It turned out that the driver of the vehicle was the Village Mayor. (*Id*.) The Mayor called the police and other Village officials, including the Zoning Commissioner, to the scene. (*Id*.)

Plaintiff contends that the area on his property where these vehicles were parked in 2017, 2018, and 2020 was Plaintiff's private property, on which Plaintiff had the "exclusive" right to park. (*Id*.). Plaintiff contends that after he purchased the property, the incumbent Village Mayor authorized his exclusive use of the ingress/egress to park his truck. (*Id*.). Plaintiff has not provided any documentation as to such authority.

Plaintiff contends that the ingress/egress is not open to the public for parking or otherwise. (*Id*. at PgID.6). Plaintiff also contends that this area is not an easement. (*Id*.). Defendants disagree. (*Id*.).

3

Plaintiff was criminally charged for placing the boot on another individual's vehicle. (*Id.*). His complaint indicates that the criminal charges were later dismissed. (*Id.*).

After the boot incident, Plaintiff began writing a series of letters to Village officials. (*Id.*). These letters regarded the local parking ordinance. (*Id.*). Plaintiff's letters sought to obtain a response from the Village confirming Plaintiff's understanding of his "exclusive use" of his property and parking area. (*Id.*).

When Plaintiff did not receive the response he desired from the Village, he began installing "No Parking- Private Property" signs. (*Id.*). Village police removed the signs. (*Id.*).

Meanwhile, Plaintiff's letter-writing to Village officials continued. (*Id.*).

In June 2021, Plaintiff returned from work to find numerous vehicles parked on his property. (*Id.*). Plaintiff called the police several times that day, and even walked to the station to request that police issue parking tickets. (*Id.*). Plaintiff did not achieve this result. (*Id.*).

On January 14, 2022, Plaintiff filed this lawsuit, alleging discrimination on the basis of race. (*Id.*).

Plaintiff's complaint contains three counts: (1) race discrimination under 42 U.S.C. § 1983; (2) violation of the Fourteenth Amendment under the United States Constitution and the Constitution of the State of Ohio, and 42 U.S.C. § 1983; and (3) Fifth and Fourteenth Amendment violations under the United States Constitution and the Constitution of the State of Ohio, and 42 U.S.C. § 1983. (Doc. 1, PgID. 11-13). Plaintiff's prayer for relief in his complaint inconsistently lists four counts against Defendants, with the addition of a count for a Fourth Amendment false arrest violation. (*Id.* at PgID. 14).

**Legal Standard**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 where the opposing party fails to show the existence of an essential element for which that party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant must initially show the absence of a genuine issue of material fact. *Id*. at 323. The movant need not produce evidence to show this absence; instead, it may discharge its burden by pointing out to me an absence of evidence to support the nonmovant's case. *Id*. at 325.

Once the movant meets that initial burden, the "burden shifts to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Rule 56 "requires the nonmoving party to go beyond the pleadings" and submit admissible evidence supporting its position. *Celotex*, *supra*, 477 U.S. at 324.

I accept the nonmovant's evidence as true and construe all evidence in its favor. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992). But the nonmovant must show that there is sufficient evidence that would allow a jury to find in her favor. *Anderson*, *supra*, 477 U.S. at 249.

"If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id*. at 249–50 (internal citations omitted). "The mere existence of a scintilla of evidence" in plaintiff's favor is insufficient. *Id*. at 252. My task is to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 481 (6th Cir. 2020); *accord Anderson*, *supra*, 477 U.S. at 248 ("[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

**Discussion**

The core issue before me is whether Plaintiff's response to Defendants' motion for summary judgment establishes an issue of material fact that would evidence his *prima facie* race discrimination case. I find that Plaintiff failed to submit adequate evidence pursuant to Federal Rule of Civil Procedure 56. Nor does any other evidence in the record set forth an adequate rebuttal to Defendants' argument that they are entitled to summary judgment on all claims.

As an initial matter, Plaintiff has not submitted any evidence in support of his allegation that a former mayor granted him a putative easement or exclusive license to park his truck in the easement. In the State of Ohio, interests in real estate (including, for example, exclusive use agreements) fall under the statute of frauds and must be memorialized in writing. *See* O.R.C. 1335.05 ("No action shall be brought whereby to charge the defendant, upon a special promise, … or upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, … unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.")

Here, Plaintiff has not supported his case with a written instrument, *i.e.*, an email, letter, or other officially authorized writing, signed by any member of the Village with authority to grant him such an easement. Nor has he established any evidence that a former mayor would even have such authority to grant this property right to Plaintiff. Additionally, as Defendants argue in their brief, Plaintiff's own say-so regarding the former Mayor's alleged promise presents basic hearsay issues under Federal Rule of Evidence 803.

Plaintiff cites 42 U.S.C. § 1983 as a basis for all counts of his Complaint. Section 1983 authorizes a cause of action for "the deprivation of any rights, privileges, or immunities secured

by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983*; see also, Carmichael v. City of Cleveland*, 541 F. App'x 426, 432 (6th Cir. 2014).

To prevail on a § 1983 claim, a plaintiff must prove two elements: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

Plaintiff argues that Defendants discriminated against him on the basis of race when Village officials did not "respond[ ] to his requests for discussion and clarification of his understanding of the 1183 exclusive parking as extended to him by a previous Village Mayor and Zoning Commissioner" and with the "refiling of criminal charges against Plaintiff." (*See* Doc. 1, PgID. 11). In sum, Plaintiff argues that his race played a role in Defendants' decision not to respond to Plaintiff's multiple letters to the Village council. In other words, Plaintiff argues that Village council members would have responded to his letters had he not been African American.

Plaintiff fails to meet the first element of his § 1983 claim because he has not identified, much less submitted evidence of, a cognizable right secured by the Constitution or laws of the United States requiring that a Village council respond to all (or to any) letters addressed to it. Though he identified the Fifth and Fourteenth Amendments of the United States Constitution in his Complaint, these references are unhelpful at this stage in the litigation. In his Opposition brief, Plaintiff neglects to explain how or why these Amendments apply to his case. In short, Plaintiff fails to identify that a federal Constitutional or statutory right is at stake.

Plaintiff also fails to demonstrate the second element of his § 1983 claim, which is that Defendants acted "under color of state law." *See* 42 U.S.C. § 1983. Wright and Miller explain that,

in a § 1983 case, the "defendant must have acted 'under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory[.]'" 13D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3573.2 (April 2023 ed.). Again, Plaintiff has not identified any statute, ordinance, regulation, custom, or usage as to which Defendants allegedly acted under color. This deficiency is fatal to Plaintiff's case.

Plaintiff's complaint, which Plaintiff's former counsel drafted (and was not a *pro se* submission entitled to liberal construction), identified all Defendants in their official capacities. Official capacity lawsuits are lawsuits against the municipality. *See Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55 (1978)).

In *Monell*, the Supreme Court held that a municipality cannot be held liable under a theory of respondeat superior for the actions of an employee. *Id*. A municipality may be liable when the plaintiff can show that an "official policy [is] the moving force of the constitutional violation." *Id*. As already discussed, Plaintiff fails to identify any official municipal policy. Accordingly, I grant summary judgment in favor of all Defendants sued in their official capacities.

Plaintiff sued Defendant Garcia, a Village police officer, in both his official and individual capacities. (*See* Doc. 1). In Defendants' summary judgment motion, Garcia invoked the doctrine of qualified immunity. (Doc. 29, PgID. 256–258). "Qualified immunity is an immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009).

Plaintiff's allegations as to Garcia are vague. Viewed liberally, he appears to claim that Garcia falsely arrested him. (*See* Doc. 1, PgID. 12). Yet, Plaintiff fails to address his claims against Garcia in his Opposition brief. (*See* Doc. 37). This leaves only the conclusory allegations in the Complaint. The Supreme Court explains, "mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Accordingly, Plaintiff fails to meet his burden on summary judgment as to his claims against Defendant Garcia in his individual capacity. I therefore grant summary judgment in Garcia's favor.

Plaintiff has not demonstrated sufficient evidence of race discrimination to overcome summary judgment. Plaintiff does not argue that there is direct evidence of discrimination. The Sixth Circuit explains that, "[d]irect evidence is that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the [defendant's] actions." *Kocak v. Cmty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 470 (6th Cir. 2005). Direct evidence does not require the fact finder to draw any inferences to reach a conclusion. *See Nguyen v. City of Cleveland*, 229 F.3d 559, 563 (6th Cir. 2000). For example, in the Sixth Circuit, racial slurs or racially-derogatory statements can be direct evidence of race discrimination. *See, e.g., Erwin v. Potter*, 79 F. App'x 893, 898−99 (6th Cir. 2003).

Because there is no direct evidence of race discrimination, I must evaluate whether Plaintiff has established circumstantial evidence that race was a motive in Defendants' failure to respond to his letters. In doing so, the Sixth Circuit directs me to apply the *McDonnell Douglas* burden-shifting analysis. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973).

*McDonnell Douglas* requires: "(1) the plaintiff must establish a *prima facie* case of racial discrimination; (2) the [defendants] must articulate some legitimate, nondiscriminatory reason for [their] actions; and (3) the plaintiff must prove that the stated reason was in fact pretextual." *Dunlap v. Tennessee Valley Authority*, 519 F.3d 626, 630 (6th Cir. 2008).

"Although the burden of production shifts between the parties, the plaintiff bears the burden of persuasion through the process." *Dixon v. Gonzales*, 481 F.3d 324, 333 (6th Cir. 2007).

For example, in the Sixth Circuit, if a plaintiff shows that he was a member of a protected class and was treated differently from similarly situated non-protected individuals, this can

9

constitute *prima facie* circumstantial evidence of race discrimination. *See, e.g., Wright v. Murray Guard, Inc.*, 455 F.3d 702, 707 (6th Cir. 2006).

Plaintiff fails to make a *prima facie* circumstantial showing of race discrimination. In his response to Defendants' summary judgment motion, he provides his version of the facts that he believes should prevent summary judgment. (Doc. 37, PgID. 1098). However, none of his listed points address the substantive issues underlying his case. Rather, they consist largely of reasons why Plaintiff disagrees with his attorney's decision to retire and withdraw from representation. The list also includes Plaintiff's disagreements (and inaccurate descriptions) of decisions I have made in status conferences and in the resolution of discovery disputes. These arguments fail to support Plaintiff's claim that he was unlawfully discriminated against by Defendants based on race.

This leaves only his conclusory allegations of race discrimination, which constitutes, "at most an anecdotal report." *Amini v. Oberlin College*, 440 F.3d 350, 559 (6th Cir. 2006). Plaintiff "did not develop this evidence into useful direct or inferential proof of the defendant's intent." *Id*. Accordingly, Plaintiff's has failed to meet his burden of persuasion.

Even if Plaintiff had presented a *prima facie* case of discrimination, he still would not overcome summary judgment. Defendants have submitted an unrebutted, legitimate, and non-discriminatory reason for council members' decision not to respond to Plaintiff's letters. They explain that, because of the then-ongoing criminal charges and litigation between Plaintiff and Village officials regarding the same subject matter addressed in the letters, Village council's lawyers advised them not to respond to Plaintiff's letters. (Doc. 29, PgID. 25 ("The criminal case was pending for quite some time and, during that time, the Mayor and other officials of the Village of Genoa were advised not to discuss the parking issue or its origins with Clint Jackson.")).

Defendants have satisfied the second *McDonnell Douglas* factor and Plaintiff fails to show that this reason was pretextual.

For all of these reasons, I find that "a reasonable jury would not have been able to coax an inference of illegal discrimination from the evidence put forth by the plaintiff. There was no material fact issue presented by the record that required a trial for resolution." *Amini*, *supra*, 440 F.3d at 360. Accordingly, I grant summary judgment to Defendants.

Plaintiff also cited the Ohio Constitution in his complaint. However, he has not developed any of these claims beyond the "mere conclusory statements." *Iqbal, supra*, 556 U.S. at 678. Moreover, there is no private right of action under the Ohio Constitution. *See Provens v. Stark Cnty. Bd.*, 64 Ohio St. 3d 252, 261 (1992).

Plaintiff failed to set forth any facts or evidence that he had a right of "exclusive use" of a public right of way. Plaintiff admitted that he obtained a survey before he purchased the property, which identified the Village's right of way. This undisputed fact that the Village's right of way existed, and Plaintiff knew about it before he purchased the property, also support my conclusion that Plaintiff's claims miss the mark.

Defendants' brief also expounds on the fact that Plaintiff's allegations of race discrimination perhaps would have been more cognizable if brought under 42 U.S.C. § 1981, but that even if so, they would fail as a matter of law. (Doc. 29, PgID. 250−251). I need not discuss this hypothetical scenario, except to say that counsel represented Plaintiff when he filed his complaint. Plaintiff and his counsel did not bring a claim under § 1981, and therefore I need not construe his pleadings liberally to impose a different statutory framework beyond what Plaintiff actually alleged.

11

Plaintiff's arguments regarding a so-called "Wayback Machine" as well as his arguments that my orders have barred him from conducting discovery and presenting his arguments, are without merit. Plaintiff had counsel all throughout the discovery phase of this litigation. If Plaintiff is dissatisfied with his counsel's performance on his behalf, that is a separate issue from whether Plaintiff has set forth a *prima facie* case supported by enough facts to reach trial.

For all of these reasons, I find Plaintiff has failed to show the existence of the essential elements for which he bears the burden of proof.

I need not address Plaintiff's two motions requesting that I hold a hearing. They are, accordingly, denied as moot.

### Conclusion

It is, therefore, ORDERED THAT:

1.      Defendants' motion for summary judgment (Doc. 29) be, and the same hereby is, granted; and

2.      Plaintiff's pending motions be, and hereby are, denied as moot (Docs. 41, 42).

SO ORDERED.

*/s/James G. Carr*
Sr. U.S. District Judge